# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ROYCE KELLEY, III                                                                    PETITIONER
Reg. #09887-003


VS.                                        2:15CV00024 JTR


C V RIVERA, Warden,
Warden, FCC - Forrest City Low                                                      RESPONDENT


## MEMORANDUM ORDER

### I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Petitioner, Royce Kelley III ("Kelley"). *Doc.1*. He argues that the BOP has improperly denied him a *nunc pro tunc* designation. Before addressing Kelley's habeas claim, the Court will review the relevant procedural history of the case.

On May 21, 2007, Kelley was arrested by Alabama authorities on: (1) a probation violation in Mobile County Case No. 05-4608 ("*Kelley I*"); and (2) a new charge of criminal mischief in Mobile County Case No. 07-0255 ("*Kelley II*"). *Doc. 6-1 at 3*. Thereafter, he remained detained in the primary jurisdiction of state authorities. *Id.*

On May 23, 2007, Kelley's probation was revoked in *Kelley I*, and he was sentenced to ten years in the Alabama Department of Corrections. *Doc. 6-1 at 54*.

On May 24, 2007, Kelley was indicted on drug charges in the United States District Court for the Southern District of Alabama. *United States v. Kelley*, S.D. Al. No. 1:07CR00149 ("*Kelley III*)". On June 26, 2007, the United States District Court for the Southern District of Alabama issued a writ of habeas corpus ad prosequendum for Kelley's "initial appearance through final disposition of federal charges[.]" *Doc. 6-1 at 31*.

On June 27, 2007, the USMS transported Kelley to his Plea and Arraignment in federal court.[1] *Doc. 6-1 at 40.* On July 18, 2007, Kelley entered a guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine. *Doc. 6-1 at 4*.

On May 15, 2008, Kelley entered a guilty plea to the state court criminal mischief charge in *Kelley II*, and was sentenced to "time served," which was run concurrent to the ten-year sentence that was imposed earlier in *Kelley* I. *Doc. 6-1 at 43*.

On July 10, 2008, Kelley was sentenced in *Kelley III* to 180 months in the BOP. *Doc. 6-1 at 35*.

---

[1] Thus, pursuant to the writ of habeas corpus ad prosequendum, the USMS "borrowed" Kelley from the State of Alabama for the duration of his federal prosecution. An Order of Detention was entered in *Kelley III* noting that the question of bond was moot due to the revocation of probation in *Kelley I*. *Kelley III*, S.D. Al. No. 1:07CR149 at doc. 28. From the time of his arrest by state authorities and through his federal prosecution, Kelley remained detained in the Mobile County Jail.

On July 16, 2008, the state court in *Kelley I* amended its original ten-year sentence on the probation revocation to "time served." *Doc. 6-1 at 53*. Thus, as of July 16, 2008, Kelley had satisfied his state sentences and the State of Alabama no longer had jurisdiction over him. The BOP subsequently calculated Kelley's federal sentence in *Kelley III* to commence on July 16, 2008. *Doc. 6-1 at 57*.

On February 18, 2015, Kelley initiated this habeas action. *Doc. 2*. He argues that the BOP erred in denying him a *nunc pro tunc* designation because he was in exclusive "federal custody" since June 26, 2007, when he claims his federal sentence should have commenced.

For the reasons explained below, Kelley's habeas claim has no merit.[2]

## II. Discussion

Kelley argues that he has been in "federal custody" since June 27, 2007, which is the date the USMS "borrowed" Kelley from the State of Alabama for his federal prosecution on a writ of habeas corpus prosequendum.

Under 18 U.S.C. § 3585(a), a defendant's federal sentence "commences" when he "is received in custody awaiting transportation to . . .the official detention facility at which the sentence is to be served." Importantly, a federal sentence

---

[2] While Kelley's habeas claim has no merit, his requested relief may also now be moot. After Kelley initiated this habeas action while incarcerated at FCI Forrest City, he filed a Motion in the federal sentencing court requesting a sentence reduction because of a retroactive amendment in the applicable United States Sentencing Guideline. *Kelley III*, S.D. Al. No. 1:07CR149 at doc. 211. The Court granted the motion and reduced Kelley's 120-month sentence to 97 months. *Id.* at doc. 220. This reduced the "full-term satisfaction date" of the sentence in *Kelley III* from July 15, 2018 to August 15, 2016, with a "projected good-time release" of January 26, 2016. *Doc. 6-1 at 57*. On February 16, 2016, Kelley filed a change of address (*doc. 9*) providing an address in Alabama. Thus, it is unclear whether he has been released with good-time credits to a BOP halfway house or is now in the free world. If that is the case, and Kelley has been released from the BOP, his request for habeas relief is now moot.

generally commences "when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013).

On May 21, 2007, the State of Alabama took physical custody of Kelley and assumed "primary jurisdiction" over him.[3] On June 27, 2007, the USMS merely "borrowed" Kelley from the State of Alabama for his federal prosecution, pursuant to a writ of habeas corpus ad prosequendum. However, the State of Alabama still maintained primary jurisdiction over him.[4] Alabama's primary state jurisdiction was not relinquished until July 16, 2008, when Kelley's ten-year sentence in *Kelley I* was amended to "time served." Accordingly, the BOP did not abuse its discretion in denying a *nunc pro tunc* designation. *See Fegans v. Norris*, 506 F.3d 1101 (8th Cir. 2007) (the BOP's decision to deny a *nunc pro tunc* designation is reviewed for an "abuse of the agency's substantial discretion").

---

[3] "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

[4] "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail, (2) dismissal of charges, (3) parole, or (4) expiration of sentence." *Elwell*, 716 F.3d at 481 (*quoting Cole*, 416 F.3d at 897). When a prisoner is in state custody, serving a state sentence, and is transferred to the physical custody of federal authorities, pursuant to a writ of habeas corpus ad prosequendum, he remains subject to the state's "primary jurisdiction" and is temporarily "on loan" to federal authorities for purposes of his federal prosecution. *Elwell*, 716 F.3d at 482. This is so even when the prisoner remains in federal custody after the entry of an Order of Detention. *See Davis v. Sneizek*, 403 Fed. Appx. 738, 740–41 (3d Cir. 2010); *Richardson v. Outlaw*, 2011 WL 671997, at *1 n.5 (E.D. Ark. Feb. 17, 2011).

## III. Conclusion

IT IS THEREFORE ORDERED THAT the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus is DENIED, and the case is dismissed, with prejudice.

Dated this 2nd day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE